STATE OF NORTH CAROLINA v. TERRY LEE STALLS

No. 742SC328

(Filed 3 July 1974)

1. Criminal Law § 87— leading questions

The trial court did not abuse its discretion in allowing the solicitor to ask leading questions.

2. Criminal Law § 42— chain of custody of exhibits

The chain of custody of bags of vegetable matter allegedly taken from defendant's car was sufficiently shown by the State to permit their admission in evidence where the State presented evidence that the bags were taken from the car by one officer who handed them to another officer, the second officer identified the bags by a piece of paper on each bag containing a number, his initials and the date, the second officer delivered the bags to an SBI employee who gave them to an SBI chemist, the chemist analyzed the contents of the bags, resealed them and placed them in the trunk of his car where they remained until the trial, and the chemist identified the bags by his initials, the date and a file number he had placed on them.

3. Criminal Law § 89— prior inconsistent statement — witness not testifying before jury

A prior inconsistent statement allegedly made by a witness at the preliminary hearing was not admissible for any purpose where the witness only testified during a *voir dire* hearing and did not testify before the jury.

APPEAL by defendant from *Fountain, Judge,* 7 December 1973 Session of MARTIN County Superior Court.

The defendant was charged in a bill of indictment with the felony of possession of marijuana with intent to distribute in violation of G.S. 90-95. Prior to entering a plea, the defendant moved to suppress the evidence found by the arresting officer in the search of his automobile on 31 October 1973. A hearing was conducted by the court on the motion to suppress, and both the State and the defendant presented evidence. Williamston Police Chief John Swain testified that the defendant had been a suspected dealer in drugs for some time prior to his arrest on 31 October 1973. Having received a telephone call from a reliable informer that the defendant had drugs in his possession and was going to Price's Pool Room, Chief Swain and other officers went immediately to the pool room. They saw the defendant by his car and, thinking he was about to leave the scene, arrested him and searched the car. One hundred and seventy-eight grams

of marijuana were found in the car. Further details of the search are unnecessary since the defendant does not question its validity by this appeal.

The motion to suppress was denied and a jury was impaneled. From a verdict of guilty as charged and the imposition of a five year sentence thereon, the defendant gave notice of appeal.

*Attorney General Robert Morgan, by Associate Attorney Kenneth B. Oettinger for the State.*

*LeRoy Scott for the defendant-appellant.*

CARSON, Judge.

[1] The defendant contends that the trial court committed reversible error by allowing the solicitor to ask certain questions which the defendant contends were leading questions. It is well established in this jurisdiction that the allowance of leading questions is within the sound discretion of the trial judge and will not be reviewed on appeal in the absence of abuse of discretion. *State v. Bass,* 280 N.C. 435, 186 S.E. 2d 384 (1972) ; *State v. Clanton,* 278 N.C. 502, 180 S.E. 2d 5 (1971) ; *State v. Staten,* 271 N.C. 600, 157 S.E. 2d 225 (1967). Clearly, the trial court did not abuse its discretion, and this assignment of error is without merit.

[2] The defendant next contends that the trial court committed reversible error by allowing into evidence material objects which had not been properly identified. Even though defendant's brief does not contain any authority in support of his position, we have examined the chain of custody relating to the exhibits. Officer Fink of the Williamston Police Department testified that he found eight small plastic bags on the floor of the defendant's automobile and a ninth bag was found underneath the floor mat. All of the bags contained a green vegetable material. He handed the bags to Corporal Keel, who was present at the search. Corporal Keel testified that Officer Fink handed him the large plastic bag with the smaller bags inside. The ninth bag, which was found underneath the floor mat, was added to the eight bags and was also taken into custody by Corporal Keel. Corporal Keel testified that he made up a work request for the State Bureau of Investigation and personally took the items to the SBI laboratory in Raleigh and handed them to J. M. Disnukes, an employee of the SBI. He further

testified that he was able positively to identify the plastic bags at the trial because each bag had a number on a piece of paper on the bag which had his initials and the date. SBI chemist Neal Evans testified that he had received the exhibit from J. M. Disnukes. He further stated that he could identify the exhibit because he had placed his initials and the date and file number on them. After analyzing the contents of the bag, he resealed it and placed it in the trunk of his car. It remained there until he produced it in court during the trial. The chain of custody of the exhibits was clearly established, and this assignment of error is likewise without merit.

[3] Finally, the defendant contends that the trial court committed error in not allowing witnesses to testify as to a statement allegedly made by Police Chief John Swain at the preliminary hearing of this case. The alleged inconsistency concerned the amount of time which elapsed from the time the chief was notified by his confidential informer until the search took place. A prior inconsistent statement of the witness is admissible only to impeach his testimony and is not substantive evidence. *State v. Mack,* 282 N.C. 334, 193 S.E. 2d 71 (1972) ; *State v. Neville,* 51 N.C. 423 (1859). Even if Chief Swain had made a prior inconsistent statement, it would not have been admitted as substantive evidence for the defendant. However, Chief Swain did not testify at the trial here. He testified only on the motion to suppress the evidence by the defendant, and the jury did not hear this testimony. Obviously, his prior statements were inadmissible for any purpose since he was not offered by the State or the defendant as a witness.

No error.

Judges BRITT and HEDRICK concur.